IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| Molly Lenihan, ) | |
| ) | |
| Plaintiff, ) | Case No.: 3:16CV-825-TBR |
| ) | |
| v. ) | Judge: Thomas B. Russell |
| ) | |
| Hilton Systems Solutions, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF REMOVAL

Defendant, Hilton Systems Solutions, LLC, by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal with respect to the case entitled *Molly Lenihan v. Hilton Systems Solutions, LLC*, in which a complaint has been served and filed in the Jefferson County Circuit Court, Case No. 16-CI-005807. In support of this Notice, Hilton Systems states:

1. On November 25, 2016, Plaintiff Molly Lenihan ("Plaintiff") filed a complaint, entitled *Molly Lenihan v. Hilton Systems Solutions, LLC*, Case No. 16-CI-005807, in the Jefferson County Circuit Court.

2. On or about December 5, 2016, the complaint was served on Defendant Hilton Systems Solutions, LLC. A copy of the complaint, together with all served process and pleadings in the state action are attached as Exhibit A. These documents constitute all "process, pleadings, and orders" served in the state court action as required by 28 U.S.C. § 1446(a).

3. Hilton Systems Solutions, LLC is not the correct Defendant. At all times, Hospitality Staffing, Inc. employed Plaintiff. However, because Hospitality Staffing, Inc. has

not been substituted as the proper Defendant at the time of removal, Defendant Hilton Systems Solutions, LLC makes this removal and counsel enter this appearance on behalf of the entity named Hilton Systems Solutions, LLC. Regardless, complete diversity exists, irrespective of whether the proper Defendant is Hilton Systems Solutions, LLC or Hospitality Staffing, Inc.

4. Plaintiff's complaint asserts state statutory claims under the Kentucky Civil Rights Act (alleged retaliation and alleged disability discrimination).

5. Removal is proper in this matter because the Court has diversity jurisdiction under 28 U.S.C. § 1332.

6. This Court has original jurisdiction under 28 U.S.C. § 1332 in that Plaintiff is diverse in citizenship from Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Here, there is complete diversity among the parties. Plaintiff is a citizen of the State of Kentucky. *See* Ex. A, Paragraph 1. Defendant Hilton Systems Solutions, LLC is a Delaware corporation with its principal place of business in McLean, Virginia. Plaintiff's actual employer (and the entity that should have been named), Hospitality Staffing, Inc., is an Illinois Corporation with its principal place of business in Rosemont, Illinois. Thus, under 28 U.S.C. § 1332(c)(1), Defendant Hilton Systems Solutions, LLC is a citizen of both the state of Delaware and the state of Virginia, and Plaintiff's employer at the time of the alleged events giving rise to this action, Hospitality Staffing, Inc. is a citizen of the state of Illinois.

8. Defendant believes in good faith that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). In support of its good faith belief, Defendant relies on the allegations of the complaint and Plaintiff's prayer for relief. Specifically, Plaintiff seeks open-ended amounts of attorneys' fees under KRS 344 *et*

*seq.*, compensatory damages, and punitive damages. It is well settled that claims for attorney's fees are to be considered in determining whether the amount in controversy meets the jurisdictional requirement under Section 1332(a). *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975). Moreover, claimed punitive damages must be considered in determining the jurisdictional amount in controversy in diversity cases. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Plaintiff also seeks past and future wage loss damages for an unspecified period of time, in addition to payouts for all benefits she claims are owed. Further, Plaintiff claims emotional distress damages flowing from the facts alleged in the complaint. Accordingly, it is more likely than not, given the categories of damages sought and the claimed entitlement to attorneys' fees at issue in this matter that the amount in controversy exceeds $75,000.

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court embraces Jefferson County, Kentucky. 28 U.S.C. § 97(b).

10. This removal is timely. The summons and complaint were served on Defendant Hilton Systems Solutions, LLC on or about December 5, 2016. This Notice of Removal is filed with this Court within 30 days after receipt by Defendant and thus meets the timing requirements under 28 U.S.C. § 1446(b).

11. Because diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a), this case is within the original jurisdiction of this Court and is subject to removal under 28 U.S.C. § 1441(a).

WHEREFORE, Defendant Hilton Systems Solutions, LLC states that this action is properly removable and respectfully notifies this Court, Plaintiff, and Jefferson County Circuit Court that this action has been removed to the United States District Court for the Western District of Kentucky.

Respectfully submitted,

/s/ Brent R. Baughman
Brent R. Baughman
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 S. Fifth St.
Louisville, KY  40202-3197
Phone: (502) 587-3559
Fax: (502) 540-2157
bbaughman@bgdlegal.com

and

William F. Dugan (*pro hac vice* motion forthcoming)
Colton D. Long (*pro hac vice* motion forthcoming)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois  60603
Phone: (312) 460-5000
wdugan@seyfarth.com
clong@seyfarth.com

COUNSEL FOR DEFENDANT,
HILTON SYSTEMS SOLUTIONS, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 27th day of December, 2016, he served a true and correct copy of the foregoing **NOTICE OF REMOVAL** upon the following via First Class U.S. Mail and Electronic Service:

>Kurt A. Scharfenberger
>800 Kentucky Home Life Building
>239 Fifth Street
>Louisville, Kentucky 40402

>*/s/ Brent R. Baughman*
>COUNSEL FOR DEFENDANT

17965909_2.doc